William M. WILCOX, Jr.,
Plaintiff–Appellant,

v.

TERRYTOWN FIFTH DISTRICT VOLUNTEER FIRE DEPARTMENT, INC., Defendant–Appellee.

No. 89–3378.

United States Court of Appeals, Fifth Circuit.

April 3, 1990.

Opinion on Denial of Rehearing and Rehearing En Banc May 21, 1990.

Louis L. Robein, Gardner, Robein & Urann, Metairie, La., Thomas A. Woodley, Mulholland & Hickey, Washington, D.C., for plaintiff-appellant.

Leif Jorgenson, U.S. Dept. of Labor, Washington, D.C., for amicus—Secretary of Labor.

Alvin J. Bordelon, Jr., Walker, Bordelon, Hamlin, Theriot & Hardy, New Orleans, La., for defendant-appellee.

Gregory G. Gremillion, Wade A. Langlois, III, Harvey, La., for amicus—Harvey Fire Co.

Before GEE, GARZA, and DAVIS, Circuit Judges.

GEE, Circuit Judge:

Today we decide the close and very difficult question whether the Terrytown Fifth

District Volunteer Fire Department, Inc. is a "public agency" as that term is defined in the Fair Labor Standards Act, 29 U.S.C. § 203(x). We determine that it is.

*Facts and Prior Proceedings*

William Wilcox is a full time employee of the Terrytown Volunteer Fire Department, Inc. ("Terrytown"), a non-profit corporation that provides fire protection services to an unincorporated sector of Jefferson Parish, Louisiana. In 1985, Terrytown instituted workweek changes, paying overtime to operators who worked a 24–hour on, 48–hours off work cycle, but only after they had worked 212 hours in a 28–day cycle. Terrytown acted in the belief that it was a "public agency" exempt from the overtime requirements of the Fair Labor Standards Act.

In December, 1988, William Wilcox filed suit, seeking declaratory relief and back pay for all hours worked over forty in a workweek. Terrytown filed a motion for summary judgment, contending that as a "public agency" it was exempt from the overtime requirement. The district court granted Terrytown's motion. Wilcox appeals.

*Discussion*

1. Fair Labor Standards Act

After providing in § 207(a) for a forty-hour work week and time and a half for excess hours, the Fair Labor Standards Act provides an exemption to the overtime pay requirements of § 207(a) for employees of *public agencies* engaged in fire protection activities. 29 U.S.C. § 207(k). Under § 207(k), an employee who works a 24–hours on, 48–hours off work cycle—as did Wilcox—is entitled to overtime pay only after working 216 hours (or some lesser amount if, as determined by the Secretary pursuant to § 6(c)(3), the average number of hours worked by employees engaged in such activities is less than 216) in a 28 day cycle.

Public agency is defined, in section 3(x) of the Fair Labor Standards Act, as follows:

> (x) "Public agency" means the Government of the United States; the government of a State or political subdivision thereof; any agency of the United States (including the United States Postal Service and Postal Rate Commission), a State, or a political subdivision of a State; or any interstate governmental agency.

29 U.S.C. § 203(x).

2. What is a "public agency?"

Unfortunately, a simple reading of section 3(x) of the FLSA does not answer the question of, "What is a public agency?" Being less than a model of statutory drafting, section 3(x) includes in its definition of public agency several categories of entities. The difficulty comes in determining what (and how many) those categories are. We set forth the statutory framework here in outline form so as to simplify that task.

"Public agency" means:

[1.] the Government of the United States;

[2.] the government of

  [a] a State or

  [b] political subdivision [of a state]; or

[3.] any agency of

  [a] the United States ...,

  [b] a State, or

  [c] a political subdivision of a State; or

[4.] any interstate governmental agency.

When the section is viewed in this light, it becomes clear that the relevant inquiry here is whether the Terrytown Fifth District Volunteer Fire Department, Inc. is an "agency of a political subdivision of a State." (Section 3.c of our outline).[1] More specifically, is the Terrytown Fifth District Volunteer Fire Department, Inc. an agency

---

**1.** There is no dispute that Terrytown falls within none of the other listed categories. Rather, the primary dispute has been whether the narrowest category provided for in section 3(x) is "political subdivision of a State" or *"agency of* a political subdivision of a State" (emphasis added). A careful reading of section 3(x) leads us to the conclusion that the legislature intended to include in its definition of "public agency," any agency of a political subdivision of a State.

of Jefferson Parish, Louisiana?[2]

### 3. Terrytown is a "public agency"

Terrytown argues, and the district court ruled, that Terrytown meets the definition of public agency because it is an "agency of a political subdivision." We hold, not only that the district court made the proper inquiry, but that it reached the proper result. First, the result, on its face, appears patently correct. A fire department is, in a sense, the archtypical public agency; further, it is exactly the type of agency to which § 207(k) is specifically directed. (Section 207(k) is entitled "Employment by public agency engaged in fire protection or law enforcement activities.")[3]

Second, and on somewhat stronger footing, the facts of this case lead us to conclude that Terrytown is a public agency. We have no doubt that Terrytown is, as the district court found, an agency of Jefferson Parish, Louisiana. The district court's analysis is sound and we borrow here from its well-written and well-reasoned opinion.

■ The key factors in determining whether a private party should be considered a public agency are whether the entity is directly responsible to public officials or to the general public and whether the parties' contracts designate them as state agencies rather than independent contractors. *Powell v. Tucson Air Museum Foundation of Pima County*, 771 F.2d 1309, 1311–12 (9th Cir.1985), citing *Skills Development Services, Inc. v. Donovan*, 728 F.2d 294 (6th Cir.1984) and *Williams v. Eastside Mental Health Center, Inc.*, 669 F.2d 671 (11th Cir.1982).

■ As the district court found, the defendant Fire Department is an agency of a political subdivision of the state.

The defendant Fire Department is a nonprofit Louisiana corporation that was orga-nized by Jefferson Parish to deliver to the citizens of Terrytown fire fighting and fire protection services, which services have, as we note above, been specifically delineated as traditional governmental functions by the courts. *National League of Cities v. Usery*, 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976) (rev'd on other grounds); *see San Antonio Metropolitan Transit Authority v. McLaughlin*, 876 F.2d 441 (5th Cir.1989).

In addition, the Fire Department is funded almost exclusively by the proceeds of a millage tax imposed upon Jefferson Parish residents and by allocation of certain state tax dollars. La.R.S. 22:1585. The Fire Department remains accountable to Jefferson Parish for the way in which such money is spent and can use these funds only to provide fire protection and related services that are necessary for the operation of the department. It must submit annual financial reports to the financial director of Jefferson Parish detailing how all public funds received by it were disbursed. In addition, the department must submit to the Parish its annual budget for fire protection services one year in advance, so that the Parish may budget for these costs.

The Fire Department performs its firefighting services pursuant to an agreement between it and Fire Protection District No. 5. The contract specifically provides that the governing authority of the Fire Protection District No. 5 is the Jefferson Parish Council. Under the terms of the contract, the Fire Department must comply with all reasonable recommendations made by the agencies appointed by the Parish Council, (Jefferson Parish Department of Fire and Emergency Services and The Property Insurance Association of Louisiana), or it must show cause at a hearing held before the Jefferson Parish Council why it cannot.

---

**2.** Once again, there is no dispute that Louisiana is a state and that Jefferson Parish is a political subdivision of that state.

**3.** We note that a federal district court in Maryland has held, and in the case before it we believe properly so, that 15 of the 18 fire and rescue corporations then providing services in Montgomery County were not public agencies entitled to take advantage of the § 207(k) exemption to overtime payment. *Conway v. Tako-*
*ma Park Volunteer Fire Dept., Inc.*, 666 F.Supp. 786 (D.Md.1987), *appeal dismissed*, 838 F.2d 465 (4th Cir.1988). As the Conway court stated, "the § 207(k) exemption does not apply to an employee merely because he or she is engaged in fire protection activities." *Id.* at 792. We do not here hold otherwise. We are, however, faced with a very different set of facts, which call for a result here different from that reached in *Conway*.

Although the Jefferson Parish Council does not directly control the daily activities of the Fire Department, it is clear from the contractual agreement that the Council has the ultimate power and authority over the activities of the Fire Department.

After analyzing the facts of this case in conjunction with the factors set forth above, we are convinced that Terrytown is an agency of a political subdivision of the State of Louisiana and that the judgment of the district court is correct. The Terrytown Fifth District Volunteer Fire Department, falls within the exemption set forth in 29 U.S.C. § 207(k).

The judgment of the district court is AFFIRMED.

### ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is DENIED; and, no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Federal Rules of Appellate Procedure and Local Rule 35) the Suggestion for Rehearing En Banc is DENIED.[1]

---

1. Appellant's Suggestion of Reconsideration En Banc (p. 2) and Petition for (panel) Rehearing (p. 1) both assert factual error in the opinion's statement (at p. 767) that "[t]he defendant Fire Department ... was organized by Jefferson Parish to deliver ... fire fighting and fire protection

---

services. ..." The statement is, however, a direct quote from a factual finding by the trial court — one which was not attacked as incorrect, let alone as clearly erroneous, on the appeal to us.