Virgil **CARLSON**, Frank Kurth, Harold
Hagen, Walter Shermer, Gary
Piekarczyk, Appellees,

v.

**CITY OF MINNEAPOLIS,**
Minnesota, Appellant.

No. 89–5412MN.

United States Court of Appeals,
Eighth Circuit.

Submitted May 17, 1990.

Decided Feb. 8, 1991.

Jerome R. Jallo, Minneapolis, Minn., for appellant.

Thomas A. Woodley, Washington, D.C., for appellees.

Before JOHN R. GIBSON and FAGG, Circuit Judges, and BRIGHT, Senior Circuit Judge.

PER CURIAM.

Five investigators for the Minneapolis Fire Department's arson squad brought a declaratory judgment action against the City of Minneapolis, Minnesota (the city), seeking back pay for unpaid overtime under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–219 (1988). The five investigators claimed they engage in law enforcement activities rather than fire protection activities within the meaning of 29 U.S.C. § 207(k). The city appeals the district court's order denying its motion for summary judgment and granting summary judgment in favor of the investigators.

This case arose because the city classifies the investigators as employees engaged in fire protection activities, making them eligible for overtime pay only for hours worked in excess of fifty-three during a seven-day work period (workweek). *See* 29 U.S.C. § 207(k); 29 C.F.R. §§ 553.-210(a), .230(a), .230(c) (1990). The investigators, however, claim they engage in law enforcement activities—not fire protection activities—entitling them to overtime compensation after forty-three hours of work per workweek. *See* 29 U.S.C. § 207(k); 29 C.F.R. §§ 553.211(a), .230(b)–(c). The district court rejected the city's classification and awarded overtime compensation to the investigators based on the court's view that the investigators engage in law enforcement activities. We affirm the district court's rejection of the fire protection activities classification used by the city, and its acceptance of the law enforcement activities classification.

The FLSA requires employers to pay overtime compensation to employees who work more than forty hours per workweek. 29 U.S.C. § 207(a). Section 207(k), however, excepts public employees engaged in fire protection or law enforcement activities from the forty-hour standard. We must decide whether the city properly classified the investigators as employees engaged in fire protection activities, or whether, as the investigators contend and the district court held, they are engaged in law enforcement activities.

■■■ The rules we apply are well established. The city carries the burden of proving the investigators engage in fire protection activities. *Hearnsberger v. Gillespie*, 435 F.2d 926, 929 (8th Cir.1970) (citing *Idaho Sheet Metal Works v. Wirtz*, 383 U.S. 190, 208–09, 86 S.Ct. 737, 748–49, 15 L.Ed.2d 694 (1966)). We must narrowly construe this classification against the city. *Id.; see also Mitchell v. Kentucky Fin. Co.*, 359 U.S. 290, 295–96, 79 S.Ct. 756, 759–60, 3 L.Ed.2d 815 (1959); *Donovan v. Williams Chem. Co.*, 682 F.2d 185, 191 (8th

Cir.1982). Whether the city has correctly classified the investigators depends on the character of the investigators' responsibilities and tasks, not on their job title or place of work. *Overstreet v. North Shore Corp.*, 318 U.S. 125, 132, 63 S.Ct. 494, 498, 87 L.Ed. 656 (1943); *Hearnsberger*, 435 F.2d at 929; *Walling v. W.D. Haden Co.*, 153 F.2d 196, 199 (5th Cir.), *cert. denied*, 328 U.S. 866, 66 S.Ct. 1373, 90 L.Ed. 1636 (1946); *Reeves v. I.T. & T. Corp.*, 357 F.Supp. 295, 302 (W.D.La.1973), *aff'd*, 616 F.2d 1342, 1351 (5th Cir.1980), *cert. denied*, 449 U.S. 1077, 101 S.Ct. 857, 66 L.Ed.2d 800 (1981). In sum, the city must show the investigators plainly and unmistakably come within the terms and spirit of the fire protection activities exception. *See Donovan*, 682 F.2d at 191; *Hearnsberger*, 435 F.2d at 929.

■ Applying these principles to the undisputed facts in the record, we agree with the district court that the investigators do not engage in fire protection activities. Although the investigators work for the Minneapolis Fire Department, are assigned to fire stations, respond to fire calls, and spend time at fire scenes, they do not "perform[ ] activities [that] are required for, and [are] directly concerned with, the prevention, control or extinguishment of fires...." 29 C.F.R. § 553.210(a)(4). The investigators investigate arson: they look for signs of arson at fires, follow up leads, compile evidence, and assist in the arrest and prosecution of suspected arsonists.

The investigators neither extinguish nor control fires, and we find unconvincing the city's argument that the investigators prevent fires by "remov[ing] arsonists from society and deter[ring] others from intentionally setting fires." The investigators do not anticipate, counter, or stop fires from happening; rather, their work begins after fires occur when they search for incendiary origins and, if required, identify perpetrators for prosecution. Thus, we do not believe the investigators engage in fire protection activities.[1] The district court did

---

1. This opinion has been prepared for the court to this point by Judge George G. Fagg. Judge Fagg agrees the investigators do not engage in fire protection activities; however, he does not concur in the court's conclusion the investigators engage in law enforcement activities. For

not err in granting summary judgment in favor of the investigators in their claim that they engage in law enforcement activities.

■ In calculating the investigators' overtime compensation, the district court properly applied the law enforcement activities exception asserted by the investigators. The controversy before the district court was simply whether the arson squad was engaged in law enforcement or fire protection activities, and this was the issue presented to this court by the parties. We recognize that in the pleadings before the district court, the city "[s]pecifically denies [the investigators work] for the City of Minneapolis as law enforcement officers or in law enforcement activities under the FLSA." While an argument can be made that this would require the city to compensate the investigators for all hours worked in excess of forty per workweek, the extent of the investigators' claim is that they are entitled to overtime for hours in excess of forty-three. Certainly these public employees must fall into one of the two categories created in 29 U.S.C. § 207(k).

We thus affirm the district court's holding that the investigators do not engage in fire protection activities under 29 U.S.C. § 207(k) and 29 C.F.R. § 553.210(a), but are engaged in law enforcement activities. We remand for the entry of judgment consistent with this opinion.

FAGG, Circuit Judge, concurring in part and dissenting in part.

The court correctly disallows the fire protection activities exception claimed by the city. We need not decide, however, whether the investigators engage in law enforcement activities. The city has not claimed this exception to gain relief from its obligation to pay overtime compensation to the investigators.

I believe the court misses an important point. In my view, it is irrelevant that the investigators rely on the law enforcement activities exception to support their claim

that they do not engage in fire protection activities. The FLSA and case law make clear that unless the city asserts and establishes an exception from FLSA coverage, overtime compensation based on the forty-hour standard must be paid to the investigators. Contrary to the court's perception that the investigators "must fall into one of the two categories created in 29 U.S.C. § 207(k)," *ante* at 266, if the city does not establish a valid exception, the investigators are ordinary employees protected by the FLSA's mandatory overtime compensation scheme. *See* 29 U.S.C. § 207(a).

Accordingly, I respectfully dissent from the court's decision to calculate the investigators' overtime based on the law enforcement activities exception. The investigators are entitled to overtime based on the forty-hour standard mandated by the FLSA.

this reason, Judge Fagg does not join the court in the full affirmance of the district court's judgment.