Charles Henry BALL, Jr.,
et al., Plaintiffs,

v.

DISTRICT OF COLUMBIA, Defendant.

Civ. A. No. 91–1633.

United States District Court,
District of Columbia.

May 22, 1992.

Ira M. Lechner, Washington, D.C., for plaintiffs.

O. Gregory Lewis, Asst. Corp. Counsel, Office of the Corp. Counsel of the District of Columbia, Washington, D.C., for defendant.

## MEMORANDUM OPINION

SPORKIN, District Judge.

Plaintiffs in this case are firefighters who work at St. Elizabeth's Hospital. They brought this suit alleging that the District of Columbia ("the District") has violated the Fair Labor Standards Act (FLSA) and several local statutes. They are seeking back pay and liquidated damages. Among the causes of action in the complaint, two are central and have been challenged by the District on their merits. They are as follows: (1) what rate of standby duty pay are the plaintiffs entitled to receive; and (2) how many hours per week must the plaintiffs work before they are paid at overtime rates. The District has opposed the remaining eight causes of action on jurisdictional grounds. The parties have filed cross motions for summary judgment. The Court held a hearing on the motions. As there are no issues of material fact in dispute, the Court is now prepared to rule on the motions. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## I. FACTS

The plaintiffs are professional firefighters who work exclusively at St. Elizabeth's Hospital. Before October 1, 1987, when St. Elizabeth's was a federal facility, they were federal employees. After October 1, 1987, when control of the hospital was transferred from the federal government to the District of Columbia, the firefighters became District of Columbia employees. From October 1, 1987 until December 4, 1988, the St. Elizabeth's firefighters were deemed employees of the District Fire Department. However, on December 4, 1988, responsibility for the firefighters was transferred from the District Fire Department to the Commission on Mental Health Services. From that time forward, the St. Elizabeth's firefighters have been employees of the Commission on Mental Health Services.

Plaintiffs first claim concerns their standby duty pay. When the plaintiffs were federal employees, each pay period certain ones of them received a basic salary as well as 25% of that salary in standby duty pay.[1] When they became District employees, the standby duty pay was reduced to 15% of their basic salary. Plaintiffs claim that the reduction in standby duty pay violated the law, and they are now seeking an award of back pay.

Plaintiffs second claim concerns overtime pay. The plaintiffs currently work twenty-four hours on duty followed by forty-eight hours off. They are paid at the overtime rate only when they work more than 212 hours in a twenty-eight day period. This is the same threshold the District government uses for firefighters in the District Fire Department pursuant to a specific exemption provision of the Fair Labor Standards Act. *See* 29 U.S.C. § 207(k). Plaintiffs claim that this provision does not apply to them because they are not employees of an organized fire department. As such, they contend that they should receive overtime pay when they work more than forty hours per week as required by the Fair Labor Standards Act because the firefighters exception does not apply. They are seeking a declaratory judgment to that effect as well as back pay.

Plaintiffs also raise eight additional claims, all alleging that the District has failed to compensate them properly in some

---

1. Those plaintiffs are Ball, Bieler, Connelly, Fusco, Liverpool, Montgomery, Mothershead, Nelson, Noel, O'Sullivan, Posey, Phipps, Reamy, Smith, Thornton, Trowbridge and Waters.

respect. The defendant does not address these claims individually and instead argues that they are personnel matters over which the Court should not exercise jurisdiction.

## II. LEGAL ANALYSIS

### A. *Rate of Standby Duty Pay*

■ In the law which transferred control over St. Elizabeth's to the District of Columbia government, Congress stated explicitly that no transferred employee was to "suffer a loss in the basic rate of pay or in seniority." 24 U.S.C. § 225e(a)(4). When the plaintiffs became District employees, their base salary remained the same, but their standby duty pay was reduced from 25% to 15% of their salary. The plaintiffs argue that this reduction violates the statute.

Exactly what is meant by "basic rate of pay" is a question of statutory interpretation. There is no legislative history interpreting the phrase, and the Court is not aware of any cases that interpret this language. When faced with such a question, courts rely on the plain meaning of the statute. *See American Tobacco Co. v. Patterson*, 456 U.S. 63, 68, 102 S.Ct. 1534, 1537, 71 L.Ed.2d 748 (1982). In this statute the plain meaning of "basic rate of pay" suggests the pay regularly received by an employee for the standard work week or other pay period. *Cf. Lanehart v. Horner*, 818 F.2d 1574, 1581 (Fed.Cir.1987) (construing term "pay" in context of leave with pay statutes). It implies that an employee may also receive "non-basic" pay when additional hours are worked or when the employee performs unusual services during a pay period. For firefighters, standby duty pay does constitute part of the basic rate of pay.

Firefighters, like police officers and other emergency service personnel, work unusual schedules. Not only do they work longer tours of duty and more hours per week, on average, than other employees, they also are required to work nights, weekends, and holidays. To compensate for this unusual schedule, it is common for firefighters to receive a percentage of their base salary as extra premium or standby duty pay. For firefighters, the additional payment is a part of their "basic rate of pay." The plaintiffs receive standby duty pay in every paycheck. It does not vary with the number or type of hours worked. The fact that it is calculated as a percentage of salary or that it is sometimes called "premium" pay, *see e.g.*, 29 U.S.C. § 207(e)(5), does not prevent it from being part of the basic rate of pay.

The District of Columbia advances two grounds for its claim that it has not reduced the plaintiffs' "basic rate of pay." First, the District contends that the firefighters at St. Elizabeth's work fewer hours per pay period since the transfer of this function from the federal government to the District Government. Therefore, the District claims their basic rate of pay has not decreased because even with the reduction in the rate of standby duty pay from 25% to 15%, they have been earning more per hour than they did when they were federal employees. *See* Defendant's Memorandum of Points and Authorities in Support of Motion of Defendant District of Columbia for Summary Judgment, 8. Second, the District asserts that under District pay scales these employees get higher salaries than they received under federal pay scales. *See* Affidavit of Clara Orino, ¶ 5 ("The basic pay of each plaintiff was increased upon the initiation of his employment with the District of Columbia."); Defendant's Memorandum of Points and Authorities in Support of Motion of Defendant District of Columbia for Summary Judgment, 8. The District argues that plaintiffs' basic rate of pay has not decreased because the total pay package the plaintiffs receive has actually risen.

Both of these arguments are rationalizations. The statutory language makes the basic rate of pay inviolate. The defendant has not offered a shred of evidence that Congress ever contemplated an interpretation that would allow the District to reduce the plaintiffs' rate of standby duty pay. The Court rejects the defendant's interpretation as a post hoc attempt to justify an unauthorized reduction in pay. The statute

does not talk about adjusting number of hours worked or preserving the absolute amount employees are paid. The statute prohibits the District from reducing their existing "basic rate of pay," meaning the salary and the rate of standby duty pay, that the plaintiffs were paid as federal employees.

The plaintiffs are entitled to the protection Congress intended to give them when it passed the law transferring their employment to the District government. The Court will enter a judgment in favor of the plaintiffs on this cause of action and will order the defendant to provide the plaintiffs with the difference between the 15% standby duty pay they actually received and the 25% standby duty pay they were entitled to receive under the transfer statute. The plaintiffs will receive everything they are owed from the date the hospital was transferred, October 1, 1987.

### B. *Overtime Hours*

█ The general rule under the Fair Labor Standards Act is that employees are to receive overtime compensation when they work more than forty hours per week. *See* 29 U.S.C. § 207(a). The Act, though, specifies certain exceptions for some categories of employees. One such exception, 29 U.S.C. § 207(k) applies to "any employee in fire protection activities or any employee in law enforcement activities" who works for a public agency. According to the regulation defining the phrase "employee in fire protection activities" one must be "employed by an organized fire department or fire protection district" in order to fall into this category. 29 C.F.R. § 553.210(a). One must also (1) be properly trained to fight fires as required by law; (2) be legally authorized and responsible for fighting fires; and (3) actually engaged in fire protection activities. *Id.* Where fire protection personnel fall under this exception, the employing government must pay overtime only after the employee has worked in excess of 212 hours in a 28-day period.[2] The

regulations are entitled to deference unless the Court determines they are unreasonable. *See Chevron v. Natural Resources Defense Council*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

The parties agree that the plaintiffs in this case are employees of the Commission on Mental Health Services. They were removed from the District of Columbia Fire Department in December of 1988. Hence, they are not employed by an organized fire department nor are they employees of a fire protection district. Another court has interpreted the latter category to encompass volunteer fire departments or other non-profit organizations established to fight fires in communities that lack organized fire departments. *See Wilcox v. Terrytown Fifth District Volunteer Fire Department*, 897 F.2d 765 (5th Cir.1990) (volunteer fire department is a "public agency" within meaning of 29 U.S.C. § 207(k)). The plaintiffs in this case provide fire fighting services exclusively at St. Elizabeth's Hospital.

Defendant argues that the requirement is not to be strictly construed; rather, the Court should look to the activities the employees perform rather than the exact status of the employer. However, the defendant cites no authority to support that proposition. It points to cases addressing a wholly different regulation governing emergency medical technicians. *See Bond v. City of Jackson*, 939 F.2d 285 (5th Cir. 1991); *O'Neal v. Barrow County Board of Commissioners*, 743 F.Supp. 859 (N.D.Ga. 1990). It also points to cases concerning fire department employees who are not firefighters. *See Schmidt v. County of Prince William, Virginia*, 929 F.2d 986 (4th Cir.1991) (fire technicians in training as dispatchers still qualify under 207(k) exemption as performing fire protection services); *Carlson v. City of Minneapolis*, 925 F.2d 264 (8th Cir.1991) (fire investigators for arson squad do fall within the 207(k) exemption, but qualify as law enforcement personnel rather than fire protection personnel). The plaintiffs are pro-

---

**2.** During the same twenty-eight day period, assuming the employee worked the same number of hours each week, an employee not covered

by an exception to the overtime rules would work fifty-two of those hours at overtime rates.

fessionally trained firefighters who work for a mental health facility. Under the regulations interpreting the Fair Labor Standards Act, the plaintiffs do not fall under the section 207(k) exception. In the absence of a showing that the regulations are unreasonable or that they can be interpreted in defendant's favor, the Court finds that the plaintiffs are entitled to overtime when they work in excess of forty hours in a week.

The District wants to treat the plaintiffs as fire department employees only for the purpose of paying overtime. It wants to treat them differently than firefighters for the purpose of determining pay and benefits. The District pays the plaintiffs less money than it pays its Fire Department employees, and it also gives the plaintiffs less valuable benefits. *See* Plaintiff's Exhibit F, Declaration of Victor Gravis. Although the District fails to treat the plaintiffs the same way it treats firefighters in the Fire Department, it is asking the Court to overlook this fact and treat the two groups the same for the purpose of exempting the plaintiffs from the operation of the FLSA. If the District wants these two groups to receive the same treatment, it can do it simply by making the plaintiffs "real" firefighters and placing them under the control of the Fire Department. In the absence of defendant's willingness to do this, the defendant's argument is untenable. With the stroke of a pen, the District can accomplish what it is asking this Court to do. By its refusal to grant plaintiffs full firefighting status, it is able to deprive plaintiffs of certain valuable rights and benefits. If the District wants to obtain FLSA exemptive status for these plaintiffs, it will have to give them the privileges they are entitled to receive as full-fledged firefighters. Summary judgment will be granted in favor of the plaintiffs on this cause of action.

## C. *Calculation of Pay, Overtime and Leave*

■ The plaintiffs have put eight other causes of action in their complaint addressing the way in which the District calculates their overtime compensation, their pay while on leave, and their annual and sick leave. The District urges the Court not to take jurisdiction over these claims because the claims deal with "purely local personnel matters." Defendant's Memorandum of Points and Authorities in Support of Motion for Summary Judgment, 8. Therefore, the Defendant claims, the Court lacks an adequate basis for taking jurisdiction because these counts present neither federal questions nor questions appropriate for pendent jurisdiction. The Defendant makes no argument in the alternative to provide for the possibility that the Court may find that it does have jurisdiction.

Like the claims raised in counts I and II of the complaints, all of plaintiffs' remaining claims involve an alleged failure by the District to pay plaintiffs what they are legally due. Many of the claims implicate the FLSA, but whether or not they do raise federal questions, the Court is prepared to take pendent jurisdiction over all of them.

For many years, pendent jurisdiction was evaluated in light of the Supreme Court's decision in *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966) holding that a district court must determine whether it has the power to hear a pendent state claim and whether it is appropriate to exercise its discretion to hear the claim. *Accord District of Columbia Common Cause v. District of Columbia*, 858 F.2d 1, 10 (D.C.Cir. 1988). Since the plaintiffs have presented at least two significant federal questions, the Court does have power to hear the state claims. This is especially so because the remaining claims "derive from a common nucleus of operative fact," namely the jobs performed by the plaintiffs and the compensation that's been given to them by the District, and because it would not be in the interest of judicial economy, convenience or fairness to decline jurisdiction.

Recently, Congress codified the pendent jurisdiction doctrine. *See* 28 U.S.C. § 1367. It applies to cases filed after December 1, 1990. The statute states that

(a) district courts shall have supplemental jurisdiction over all other claims that

are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. . . .

Subsection (c) identifies those instances where a district court may decline to exercise supplemental jurisdiction. A court may do so if

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the other claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

While the remaining claims in this case may raise some new issues of state law, they do not predominate over the federal questions plaintiffs have raised nor are there any exceptional circumstances which would dictate that the Court decline pendent jurisdiction. Furthermore, in keeping with the principles of *United Mine Workers v. Gibbs*, it would not be in the interest of justice to dismiss these claims. Therefore, the Court will take jurisdiction over the remaining claims.

The Court believes that the decision it rendered today on the first two causes of action should help the parties to resolve the remaining issues. If the parties are unable to reach a mutually agreeable disposition within ten days of the issuance of this opinion, they should advise the Court. If at that time they believe there is an alternative method available for resolving these issues, they should inform the Court of their recommendation. In the event the Court has not been notified that the remaining causes of action have been resolved, the Court will hold a status conference on Monday, June 8, 1992 at 10:00 a.m. to decide how it will proceed to resolve the remaining issues.

### D. *Statute of Limitations*

■ Plaintiffs are entitled to back pay for the amount of standby duty pay they failed to receive and for the overtime compensation they were not paid. They will receive the deficient standby duty pay for the full three-year period allowed under the applicable statute of limitations. *See* D.C.Code § 12–301(8). Because the claim for overtime was made under the FLSA, the plaintiffs may recover back pay for two years prior to the filing of the complaint. *See* 29 U.S.C. § 255(a). They may recover for the three years prior to the filing of the complaint in this action, if they can prove that the District of Columbia "willfully" failed to pay the legally required compensation. 29 U.S.C. § 255(a).

A defendant will be found to have acted "willfully" where it acted with reckless disregard. *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988); *Wyland v. District of Columbia Government*, 728 F.Supp. 35, 36 (D.D.C.1990). While the Court finds that the District of Columbia made a grave error by trying to compromise the clear meaning of section 207(k) as interpreted by the Department of Labor regulations, it does not find that the error was made with reckless disregard for the law. The District did look to the statute and propound a functional test. The District's argument was weak, but it did not reflect a willful effort to deny compensation to plaintiffs. In view of this conclusion, the Court will award the plaintiffs back overtime pay for the two years preceding the date this complaint was filed, July 3, 1991.

### E. *Liquidated Damages*

■ Under the Fair Labor Standards Act, the plaintiffs are entitled to liquidated damages equal to 100% of the back overtime pay ordered by the Court. 29 U.S.C. § 216(b). However, the Court has discretion to reduce the liquidated damages to anywhere from 100% to 0% under the following circumstances:

if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was

**468**

not a violation of the Fair Labor Standards Act of 1938, as amended....
29 U.S.C. § 260.

There is no reason to believe that the defendant has not acted in good faith. Also, the Court believes that the defendant has shown it had reasonable grounds for believing that it was acting in compliance with the Fair Labor Standards Act. Although the District failed to interpret the statute correctly, it did use a reasoned functional analysis for arriving at its position. The District believed that an employee's firefighting duties were the dispositive concern when determining what the correct threshold is for paying an employee at the overtime rate. As the Court has already stated, this kind of equitable balancing cannot be used to alter a legal result. The plain language of the statute requires that the District pay the plaintiffs at overtime rates when they work more than forty hours per week. Nonetheless, the Court finds that the District has shown that it did not act in bad faith nor did it act on an entirely unreasonable basis. Therefore, the Court will exercise its discretion and reduce liquidated damages to 0%.

### F. Prejudgment Interest

■ Plaintiffs are seeking prejudgment interest for those portions of the judgment for which liquidated damages are not awarded. In FLSA cases involving equal employment opportunity, an award of prejudgment interest is a matter of judicial discretion. *See Cline v. Roadway Express,* 689 F.2d 481 (4th Cir.1982). The Court believes that a similar principle applies in a case like this where plaintiffs have been denied standby duty pay and overtime to which they are legally entitled. Although the Court does not find that the defendant's actions warrant liquidated damages, the plaintiffs are entitled to a full and effective legal remedy. Accordingly, the plaintiffs will receive prejudgment interest on the award of both back standby duty pay and back overtime pay so that they may be made whole.

An appropriate order accompanies this opinion.

### ORDER

For the reasons given in the attached opinion, it is this _____ day of May, 1992, hereby

ORDERED that summary judgment is granted in favor of plaintiffs on counts I and II of their first amended complaint; and it is

FURTHER ORDERED that the District of Columbia shall pay plaintiffs Ball, Bieler, Connelly, Fusco, Liverpool, Montgomery, Mothershead, Nelson, Noel, O'Sullivan, Posey, Phipps, Reamy, Smith, Thornton, Trowbridge and Waters the standby duty pay they are owed from July 3, 1988 with prejudgment and postjudgment interest; and it is

DECLARED that plaintiffs do not fall under the exemption of 29 U.S.C. § 207(k); and it is

FURTHER ORDERED that the District of Columbia shall pay the plaintiffs the overtime pay they are owed from July 3, 1989 with prejudgment and postjudgment interest; and it is

FURTHER ORDERED that the parties shall either notify the Court within ten days that the remaining causes of action have been resolved or they shall appear before the Court for a status call on Monday, June 8, 1992 at 10:00 a.m. in Courtroom No. 17 of the United States District Courthouse for the District of Columbia.