707 So.2d 449 (1998)
TERRYTOWN FIFTH DISTRICT VOLUNTEER FIRE DEPARTMENT, INC.
v.
William M. WILCOX, Jr., and The State of Louisiana.
No. 97-CA-322.
Court of Appeal of Louisiana, Fifth Circuit.
January 14, 1998.
*450 Richard P. Ieyoub, Attorney General, Angie Rogers LaPlace, Asst. Attorney General, Department of Justice, Baton Rouge, for defendant-appellee State.
Louis L. Robein, Jr., Robein, Urann & Lurye, Metairie, for defendant-appellee William M. Wilcox, Jr.
Alvin J. Bordelon, Regina S. Wedig, Bordelon, Hamlin & Theriot, New Orleans, for plaintiff-appellant Terrytown Fifth District Volunteer Fire Department, Inc.
Before GAUDIN, GRISBAUM and WICKER, JJ.
GAUDIN, Judge.
Are supplementary salary payments by the State of Louisiana to employees of nonprofit, volunteer fire companies, as authorized by Act 1000 of 1991, which amended LSA-R.S. 33:1991(A) and 33:2002(A), legal?
A trial judge in the 24th Judicial District Court, finding Act 1000 constitutional, said yes. We affirm.
The act involved here, passed during the regular 1991 session of the Louisiana legislature, is attached to and made part of this opinion. Like the trial judge, we see no constitutional flaws, precise or otherwise. The district court judgment is dated October 15, 1996.
The plaintiff in this action is the Terrytown Fifth District Volunteer Fire Department, Inc., hereinafter called "Terrytown," a privately managed, nonprofit corporation providing services for residents within Jefferson Parish's Fire Protection District No. 5, hereinafter called "District," pursuant to a contract between Terrytown and the District. Under terms of the contract, Terrytown is compensated by the District for the services it performs.
Terrytown filed this declaratory judgment suit on October 30, 1991, contending (1) that the act's body is broader than its title, (2) that contracts between Terrytown and Jefferson Parish are impaired by the act and (3) that Terrytown and other nonprofit volunteer fire companies are deprived by the act of equal protection under the state and federal constitutions.
Legislative acts are presumed constitutional. They are judicially voided only by a showing of a specific constitutional infirmity. See Perschall v. State, 697 So.2d 240 (La. 1997), in which the Louisiana Supreme Court stated at page 259:
"We do not lightly consider constitutional challanges to enactments by the Louisiana Legislature. For some time, we have approached such review by initially affording the legislation some measure of deference when faced with attack. We have facilitated this by allowing questionable legislative acts a presumption of constitutionality, which may be turned back by a plaintiff's showing of specific infirmities. Brown v. State, Department of Public Safety & Corrections, 96-2204 p. 2 (La. 10/15/96)[,] 680 So.2d 1179, 1180."
From the record, it is apparent that the enactment of Act 1000 was the legislature's response to an inquiry by the Inspector General and an opinion issued by the Attorney General in 1991 regarding the legality of state supplemental pay to firemen employed by nonprofit corporations as Terrytown.
*451 The Attorney General stated[1] that such payments were illegal; in order to receive supplemental pay, the opinion said, the employee must be on the payroll of a municipal, parish or fire protection district fire department. The legislature addressed this problem by and through Act 1000.
We shall consider, in order, Terrytown's three arguments relating to the alleged unconstitutionality of Act 1000.
The Louisiana Constitution, Article 3, Sec. 15(A), requires every legislative bill to contain a brief title indicative of its object. The purpose of the title is to give notice of the act's intent and to prevent surprise and fraud upon members of the legislature and upon those who are interested or would be affected. See Airey v. Tugwell, 197 La. 982, 3 So.2d 99 (1941).
Act 1000's title states:
"To amend and reenact R.S. 33:1991(A) and the introductory paragraph of R.S. 33:2002(A), relative to fire protection; to provide extra compensation to employees of nonprofit corporations contracting with a fire department or fire protection district to provide firefighting and fire protection services; and to provide for related matters."
Terrytown argues that the body of Act 1000 must be restricted to its title, i.e., only to state supplemental pay; however, the title plainly designated the parts of Title 33 being amended to provide "extra compensation", which would include state supplemental pay, "and related matters." The title does not suggest that the body of the act would or should be limited to state supplemental salary payments.
From the bench, the trial judge said:
"The main argument of Terrytown is that the heading of the act did not fairly inform the legislature or the public of what was the purpose of the act, therefore violating our constitution requiring that the title of an act clearly inform all parties of the purpose of the act.
"The title says it's an act to amend and reenact R.S. 33:1991(A), and the introductory paragraph of R.S. 33:2002(A), relative to fire protection, to provide extra compensation to employees of nonprofit corporations contracting with the fire department or a fire protection district.
"The argument is that the words, `extra compensation,' didn't fairly notify everyone of what the act was truly concerned with. The argument is that the title should have been broader, that it should have said that it deals with vacation leave, sick leave and minimum wages.
"I disagree with the argument of Terrytown. I believe that by stating that it is to provide extra compensation, that it in effect is saying that this is to add more than what these people are currently being allowed by law ..."
The trial judge was correct. The title of Act 1000 gave legislators and the public fair notice of the scope of the legislation, i.e., "extra compensation" for employees of nonprofit, volunteer fire departments. Benefits under minimum wage and maximum hours laws are "extra compensation," just as is supplemental salary pay.
Further, a reading of the body of the act does not show that incongruous and unrelated matters were joined, as prohibited by the holding in Doherty v. Calcasieu Parish School Board, 634 So.2d 1172 (La.1994).
Terrytown's second contention is that Act 1000 materially alters the contract entered into between it and Fire Protection District No. 5. Terrytown says it now must provide its employees with more sick leave, more vacation, more salary and other benefits than before Act 1000 was enacted and that, because of this, it (Terrytown) may not be able to effectively perform in accord with terms of the contract.
There could be some validity to and in this argument; however, no specific impairment was pointed out. Further, Terrytown and other volunteer fire departments operate in an area of the law regulated by the state legislature in the public interest. Some adjustments to the Terrytown-Fire Protection District No. 5 contract may well be appropriate *452 but there was no showing, that Act 1000 caused an "oppressive impairment," as Terrytown maintains. Any suggested impairment was not of constitutional dimensions.
Terrytown's third argument regarding the unconstitutionality of Act 1000 is that it deprives the volunteer fire department of equal protection under the laws. Terrytown theoretically contends that if it had to compete with a private, for-profit fire protection service, it (Terrytown) would have to comply with Act 1000's provisions whereas a private, for-profit entity would not.
The rule for interpreting and applying Louisiana's equal protection provision is stated in Sibley v. Board of Supervisors of LSU, 477 So.2d 1094 (La.1985) and Pace v. State, Through Louisiana State Employees Retirement System, 648 So.2d 1302 (La. 1995). Courts should decline enforcement of a legislative classification of individuals in three different situations (1) when the law classifies individuals by race or religious beliefs, (2) when the statute classifies persons on the basis of birth, age, sex, culture, physical condition or political ideas or affiliations, or (3) when the law classifies individuals on any other basis without suitably furthering any appropriate state interest.
Act 1000 clearly does not fit under (1) or (2), above, and does not fit under (3) because it furthers a fairly apparent general state interest, i.e., better fire protection. In any event, the act was neither arbitrary nor capricious but was a legislative response to the Attorney General's opinion saying that supplemental pay to volunteer firemen was illegal.
Alternatively, Terrytown contends that even if Act 1000 was legal, the trial court judgment erred in imposing on it obligations under sections 1991(B), 1992, 1994, 1995, 1995.1, 1997, 1999 and 2001. These sections, Terrytown argues, generally relate to firemen in the employ of municipalities, which are specified, political subdivisions of the state, not volunteer fire departments.
Act 1000 included in its definition of "firemen" those employees of nonprofit corporations under contract with a fire protection district. Sections cited in the alternative argument were not specifically amended with wording to include "employees of nonprofit corporations." The trial judge nonetheless stated that the provisions of the firemen's minimum wages and maximum hours law are applicable to Terrytown although he clearly understood that Terrytown "... is not a municipality." Such an interpretation conformed to what seems to be the clear legislative intent of Act 1000.
For these reasons, we affirm the judgment declaring that Act 1000 is constitutional and that the provisions of LSA-R.S. 33:1991, 1992, 1994, 1995, 1995.1, 1996, 1997, 1999 and 2001 apply to the Terrytown Fifth District Volunteer Fire Department, Inc. We remand for other issues to be decided, those listed in the judgment's final paragraph.
AFFIRMED.

ATTACHMENT

ACT No. 1000

SENATE BILL NO. 1078

(Introduced pursuant to the authority of SCR No. 146)

BY SENATOR NUNEZ

AN ACT
To amend and reenact R.S. 33:1991(A) and the introductory paragraph of R.S. 33:2002(A), relative to fire protection; to provide extra compensation to employees of nonprofit corporations contracting with a fire department or fire protection district to provide firefighting and fire protection services; and to provide for related matters.
Be it enacted by the Legislature of Louisiana:
Section 1. R.S. 33:1991(A) and the introductory paragraph of R.S. 33:2002(A) are hereby amended and reenacted to read as follows:
§ 1991. Definitions
A. (1) The word "fireman", as used in this Subpart includes all persons employed or engaged full-time by municipalities or *453 municipal fire departments, parishes or parish fire departments, or fire protection districts for firefighting or fire prevention duties and services, as well as employees of nonprofit corporations under contract with a fire protection district or other political subdivision to provide such services, including operators of the fire-alarm system when such operators are members of the regularly constituted fire department. The word "fireman" does not include carpenters, storekeepers, machinists, clerks, build-ing hazard and similar inspectors, physicians, or other nonfirefighting employees detailed for such special duties, nor does the word "fireman", except as otherwise provided in this Subsection, include employees of privately owned or operated firefighting or fire prevention services.
(2) A fireman shall be known as "apprentice fireman" for his first two years' active service. At the completion of two years' active service he shall be known as "first class fireman".
(3) "Engineer" means any fireman who drives, tillers, or otherwise chauffeurs any fire department apparatus.
* * *
§ 2002. Extra compensation.
A. In addition to the compensation now paid by any municipality, parish, fire protection district, or other political subdivision, maintaining a fire department, or by any nonprofit corporation contracting with any such political subdivision to provide fire protection services, to any employee of such department or corporation, which term "employee" as used herein expressly excludes any person presently drawing a retirement or disability pension, persons hired, whether or not they have passed a certified fireman's training program, equal to the National Fire Protection Association Standard 1001, primarily to perform secretarial and clerical duties, switchboard operators, secretaries, record clerks, maintenance personnel, mechanics who are not subject to The Municipal Fire Police Civil Service Law, and for those employees hired after March 31, 1986, who have not completed and passed a certified fireman's training program equal to National Fire Protection Association Standard 1001, every paid, regularly employed employee who is paid not less than three hundred dollars per month, not including supplemental pay, as distinguished from part-time employees and volunteers of such fire department, who are carried on the payroll of such fire department and every employee as defined herein who is paid from funds of the parish or municipality obtained through lawfully adopted bond issues or lawfully assessed taxes, either directly or through a board or commission set up by law or ordinance of the parish or municipality, shall be paid extra compensation by the state as follows:
* * *
Section 2. This Act shall become effective upon signature by the governor or, if not signed by the governor, upon expiration of the time for bills to become law without signature by the governor, as provided by Article III, Section 18 of the Constitution of Louisiana.
Approved by the Governor, July 24, 1991.
Published in the Official Journal of the State:
August 26, 1991.
A true copy:
W. Fox McKeithen
Secretary of State
NOTES
[1] Actually, the opinion was authored by Assistant Attorney General James Ross.