STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-621

STATE OF LOUISIANA

VERSUS

JOHNNIE M. LEFEAR

**********

APPEAL FROM THE
FIRST JUDICIAL DISTRICT COURT
PARISH OF CADDO, NO. 250,431
HONORABLE JOHN MOSLEY, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Elizabeth A. Pickett, and J. David Painter, Judges.

AFFIRMED.

Paul J. Carmouche
District Attorney
Damon Kervin
Assistant District Attorney
First Judicial District Court
Parish of Caddo
501 Texas Street
Shreveport, La 71101-5400
(318) 429-7618
Counsel for Appellee:
State of Louisiana

**John Ford McWilliams, Jr.**
**Assistant District Attorney**
**First Judicial District Court**
**Parish of Caddo**
**501 Texas Street**
**Shreveport, La 71101-5400**
**(318) 429-7618**
**Counsel for Appellee:**
> **State of Louisiana**

**Anthony Hollis**
**Attorney at Law**
**401 Edwards,  Suite 1111**
**Shreveport, LA 71101**
**(318) 629-1235**
**Counsel for Defendant/Appellant:**
> **Johnnie M. Lefear**

**DECUIR, Judge.**

The Defendant, Johnnie M. Lefear, was charged by bill of information with filing a false public record, a violation of La.R.S. 14:133. Following a bench trial held on December 5, 2006, the Defendant was found guilty as charged. On January 10, 2007, the Defendant was sentenced to fifteen months at hard labor, to be served concurrently with any other sentence and with credit for time served. The Defendant was also ordered to pay costs, or in default thereof, to serve one day in the parish jail. The Defendant appealed to the second circuit, but the court recused itself *en banc* from hearing the appeal. By order of the supreme court, the Defendant is now before this court on appeal, asserting that the evidence was insufficient to find him guilty of filing a false public record.

The record before us illustrates the following facts: The Defendant, a homosexual inmate at Caddo Correctional Center, participated in oral sexual acts on October 10, 2005, with Deputy Herbert Paul Simons, an employee of the prison. Shortly thereafter, the Defendant completed a form, entitled "Administrative Remedy Request" and dated October 10, 2005, wherein he asserted that he was forced to perform oral sex on the deputy, and he requested financial compensation and removal from the prison facility. In the ensuing investigation, recordings of the Defendant's telephone conversations immediately before and after the sexual acts took place were discovered. The recordings led investigators to believe that the Defendant was not forced into having sex with the deputy; rather, the telephone conversations indicated that the Defendant planned or at least agreed to the sexual conduct so that he could sue the prison and collect a significant sum of money as damages. Consequently, the Defendant was charged with filing a false public record based on the allegation of forced sexual acts in the Administrative Remedy Request.

The State admits that the Defendant and Deputy Simons engaged in oral sexual acts. Indeed, Deputy Simons immediately lost his job and was prosecuted for sexual misconduct with inmates. The basis of the charge against the Defendant, and the question before this court on appeal, however, is whether the sexual conduct was forced or whether it was consensual. The Defendant contends the evidence presented at trial was insufficient to establish beyond a reasonable doubt that the allegation of forced sexual conduct was false.

The analysis for a claim of insufficient evidence is well-settled:

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the *Jackson* standard of review. See *State ex rel. Graffagnino*, 436 So.2d 559 (citing *State v. Richardson*, 425 So.2d 1228 (La.1983)). In order for this Court to affirm a conviction, however, the record must reflect that the state has satisfied its burden of proving the elements of the crime beyond a reasonable doubt.

*State v. Kennerson*, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371.

The elements of filing a false public record are set forth in La.R.S. 14:133 which reads, in pertinent part, "A. Filing false public records is the filing or depositing for record in any public office or with any public official, or the maintaining as required by law, regulation, or rule, with knowledge of its falsity, of any of the following: . . . (3) Any document containing a false statement or false representation of a material fact."

2

At trial, the State offered into evidence the original Administrative Remedy Request completed by the Defendant, as well as the transcript and recording of two telephone conversations between the Defendant and an unidentified male who was, apparently from the language used in the conversations, an intimate friend of the Defendant. In the first conversation of October 10, 2005, the Defendant began by saying, "I'm probably fixing to cheat on you." He described an encounter with Deputy Simons wherein the deputy looked at him naked, touched him, and commented that they would see each other at a later time "to do what we need to do." The Defendant explained that he thought he could file a suit against the jail for sexual harassment and could win perhaps $250,000.00 to $500,000.00; he asked his friend to confirm this by calling a few lawyers.

Later in the conversation, the Defendant asked if he should proceed with this plan and have sex with the deputy. He also gave instructions to have someone call the jail and report the sexual misconduct by the deputy. In response to questions by the unidentified friend and a third party who had joined in the conversation, the Defendant said that he was scared but that he did not know what would happen if he refused the deputy's advances. The three men discussed what type of evidence he should try to gather and whether there might be any witnesses to corroborate his story.

The second conversation took place between the same parties later that day. The Defendant described the sexual acts which had just taken place and explained that he had the evidence "all over my suit." He wanted someone to call the jail to report the incident immediately. The Defendant was put on a three-way call with his probation officer whom he informed of the deputy's conduct. The Defendant once again discussed the money he would receive as a result of this incident and

envisioned how he would spend the money. The callers agreed that they would report the incident and contact a lawyer first thing in the morning.

Based on this evidence, the trial court found the Defendant had not been forced into having sex with the deputy and, therefore, the allegations in the Administrative Remedy Request were false:

> It is clear to the Court based upon the evidence that the defendant clearly had a purpose of obtaining financial gains in connection with this matter. He purposely discussed the plan and how he would execute this matter, how he would withhold the evidence in connection with this matter in order to receive financial gains. He even discussed an amount that he wished to receive in connection with this matter. Clearly, the report indicates that he was forced to perform this act. And then on the CD, the defendant stated that he was unaware of what the consequences would be if he did not go through with it, because he was asked that question by one of the parties engaged in the three-way conversation. So in the opinion of the Court, clearly the report is false, and the Court will find the defendant guilty as charged.

The evidence in the record demonstrates that Deputy Simons initiated the sexual activity with the Defendant. However, the Defendant clearly noticed the advances, responded to them, and willingly proceeded to engage in oral sex. Rather than a forced encounter, the Defendant had the opportunity to consider the situation, discuss it with friends, and formulate a plan for a successful lawsuit.

Having reviewed the evidence in the record before us, we conclude the State satisfied its burden of proving the elements of the crime charged beyond a reasonable doubt. We find no error in the judgment rendered by the trial court and no errors patent on the face of the record. We therefore affirm the Defendant's conviction and sentence.

**AFFIRMED.**

4